

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

AMIN IJBARA EQUITY CORP, an Illinois )
Corporation IJBARA CENTRAL PLAZA  10301-)
10345 SOUTH CENTRAL AVE. OAKLAWN,     )
AMIN IJBARA, individually and as Owner and)
Lessor, MASSAD SUPERMARKET, 10333 S.  )
CENTRAL, CENTRAL FOOD MARKET, NAIM    )
MASSAD, Individually and as Lessee,        )
UNKNOWN LESSEES.                            )
                                            )
                                            )
                                            )
                        Plaintiffs,          )
                                            )
v.                                          )
                                            )
VILLAGE OF OAK LAWN, A Municipal Corp. )
LARRY DEETJEN, individually and in his    )
official capacity as Village Manager of     )
Oak Lawn, Illinois, ROBERT STREIT,         )
individually and in his official capacity as )
Village Trustee of Oak Lawn, Illinois,      )
ALEX OLEJNICZAK, individually and in his  )
official capacity as Village Trustee of Oak )
Lawn, Illinois, JEAN GALZIN, Individually and )
in her official capacity as Code Enforcement )
Officer of Oak Lawn, Illinois, DONALD E.   )
MCKENNA, Building & Zoning Administrator )
Related Current and former Village Officials )
Employees, Trustees et. al., Village of Oak )
Lawn Department of Water

1:13-cv-09337
c  Judge Rebecca R. Pallmeyer
Magistrate Judge Young B. Kim

JURY DEMANDED



FILED
DEC 31 2013
DEC 3 1 2013

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT

NOW COMES the Plaintiffs, AMIN IJBARA EQUITY CORP, an Illinois Corporation IJBARA CENTRAL PLAZA SHOPPING CENTER 10301-10345 SOUTH CENTRAL AVE. OAKLAWN, AMIN IJBARA, individually and as Owner and Lessor, MASSAD SUPERMARKET, 10333 S. CENTRAL, CENTRAL FOOD MARKET, NAIM MASSAD, Individually and as Lessee, UNKNOWN LESSEES, (hereinafter referred to as "Plaintiffs"), by and through their attorneys, SANTILLI LAW GROUP, and for their Complaint against the Defendants, VILLAGE OF OAK LAWN, A Municipal Corp. LARRY DEETJEN, individually and in his official capacity as Village Manager of Oak Lawn, Illinois, ROBERT STREIT, individually and in his official capacity as Village Trustee of Oak Lawn, Illinois, ALEX OLEJNICZAK, individually and in his official capacity as Village Trustee of Oak Lawn, Illinois, JEAN GALZIN, Individually and in her official capacity as Code Enforcement Officer of Oak Lawn, Illinois alleges and states as follows, VILLAGE OF OAK LAWN WATER DEPARTMENT:

### NATURE OF CLAIMS

1. Plaintiffs brings this civil action to remedy the financial and personal losses following abuses of power and fraudulent governmental practices within the Village of Oak Lawn.

2. Upon information and belief, Trustees of the Village of Oak Lawn, elected and appointed to aid, assist and support businesses, business license applicants, zoning, permits and codes for and within the Village, have violated their ethics and codes of conduct.

3. Upon information and belief said trustees have and continue to commit violations of laws and municipal ordinances, that they are afforded with of power, by committing illegal acts of harassment, professional misconduct, discrimination, arbitrary application of law and code, and biased practices in inspection.

2

4. That the Village of Oak Lawn, possessed knowledge of the acts and omissions of its employees and trustees, and allowed capricious denials of business licenses and operating licenses, to the above-named Plaintiffs, based on improper and or no foundation.

5. That defendants, together and independently exhibited an unequal and biased application of local village ordinances, related to the 10301-10345 SOUTH CENTRAL AVENUE OAKLAWN, ILLINOIS, otherwise known as the CENTRAL PLAZA SHOPPING CENTER.

6. Said defendants together and independently subjected owner, AMIN JBARA by and through his corporation JBARA ENTERPRISES to harsh penalties, denial of licenses, 11 lot commercial property, by subject owner, tenants NAIM MASSAD, and prospective tenants, by fraudulently and selectively imposing costly and unnecessary construction improvements, fines, code violations, forced inspections, to 11 lot strip mall in an unfair and selective basis, then ultimately denying review and business license after full compliance with alleged code violations.

7. Plaintiffs allege that said unlawful actions are tantamount to a civil conspiracy and fraud involving the Village Manager Larry Deetjan, and various Trustees of the Village of Oak Lawn, Illinois to particular business owners based on personal feelings, religious or ethnic background.

8. Said actions and inactions proximately caused irreparable harm to Plaintiffs' personal reputation and business and said commercial space was directly and proximately

3

damaged, and ultimately, lead to the current and future loss, foreclosure of said property of strip mall.

9. CENTRAL PLAZA went into foreclosure and Plaintiffs lost business income, current and future, rents, stock and product, when commercial leased space in the Village of Oak Lawn through its trustees denied business and operating licenses for reasons not based in law.

10. Said Village Manager Deetjan, intentionally and maliciously hindered business development in Oak Lawn, in particular the Plaintiffs project, by capriciously and improperly and selectively applying zoning variances and business licenses to applicants via personal beliefs and illegal prejudices.

11. Plaintiff seeks legal and equitable and injunctive relief, including, but not limited to, compensatory, consequential and punitive damages, harm to reputation, interest, and attorney's fees.

12. Said allegations are not protected by tort immunities afforded by law, as fraud and conspiring to harm certain businesses using racial, religious and discriminatory biases and under color of law.

13. Furthermore, said conduct by defendants are retaliatory in nature, wherein Plaintiffs allege that the Village of Oak Lawn, through its trustees and elected officials has unlawfully and illegally abused its powers to intimidate and control the "make-up" of business license holders, by harassing business applicants, and repeatedly setting unfair and costly guidelines, then refusing licenses, even after compliance has been met.

14. Under the laws and local ordinances, defendants have caused extreme financial losses, hardship and foreclosure to plaintiffs commercial project, by denying business licenses where there is no just reason to do so.

## JURISDICTION AND VENUE

This Court has federal question jurisdiction over the claims brought under 42 U.S.C. § 1985 pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has federal question jurisdiction over the claims brought under 18 U.S.C. §§ 1962(c) and 1962(d) pursuant to 18 U.S.C. § 1964(a) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

Venue lies in this district under 28 U.S.C. § 1391 (b) and 18 U.S.C. § 1965(a) because the defendants reside in this district, and the events giving rise to the claims occurred in this district.

## PARTIES

1. Plaintiff JBARA ENTERPRISES is an Illinois corporation with its principal place of business in Illinois and its owner and principal also being an Illinois resident, under which Central Plaza Shopping was owned and operated.

2. Plaintiff NAIM MASSAD was said owner of MASSAD Supermarket one of the commercial spaces in said strip mall.

3. At the time of the commission by Defendants of the grievances mentioned below, and for a long time before then, Plaintiff was a corporation of good name, fame, and reputation and was deservedly held in high esteem by and

among renters, potential renters, and the general public in the Village of Oaklawn, County of Cook, State of Illinois.

4. Plaintiff Amin Jbara is a citizen of the United States and currently is a resident of Bridgeview, Illinois.

5. Plaintiff Naim MASSAD is a citizen of the United States and currently is a resident of Crestwood, Illinois.

6. Plaintiff Jbara is at all relevant times been the owner of a strip mall CENTRAL PLAZA 10301-10345 SOUTH CENTRAL AVE. OAKLAWN of business licenses in the Village of Oak Lawn doing business as lessor.

7. Plaintiff Owner, JBARA and Tenant MASSAD are experienced business owners with knowledge in business operations, commercial leases and business license applications

8. Naim MASSAD was at all relevant times a lessee and grocer within said Plaza.

9. Defendant VILLAGE OF OAK LAWN, is a village located in Cook County, Illinois.

10. Defendant LARRY DEETJEN was at all relevant times employed by the VILLAGE OF OAK LAWN as Village Manager.

11. Defendant ROBERT STREIT was at all relevant times an official elected by the VILLAGE OF OAK LAWN as Village Trustee.

12. Defendant ALEX OLEJNICZAK was at all relevant times an official elected by the VILLAGE OF OAK LAWN as Village Trustee.

13. Defendant JEAN GALZIN was at all relevant times employed by the VILLAGE OF OAK LAWN as a Code Enforcement Officer.

14. Defendant VILLAGE OF OAK LAWN WATER DEPARTMENT was a governmental entity which operates to provide water services, meters, billing and compliance with municipal ordinances.

**FACTUAL BACKGROUND**

15. On or around April 12, 2007, AMIN JBARA under the d/b/a AMIN JBARA EQUITY CORP, secured a commercial mortgage for an 11 lot strip mall and shopping complex, located at the Southeast corner of 103rd street and Central Avenue in Oak Lawn, Illinois for nearly $3,000,000.00.

16. Said commercial project was set to be leased to various commercial tenants for business purposes, of which nearly all lots had secured a lessee, with expectations of earning $40,000.00 to $50,000.00 in monthly profits.

17. One of said lots included co-plaintiff Naim Massad, for a grocery, food and tobacco business.

18. On or around June 2007, Plaintiff MASSAD entered into a commercial lease with owner JBARA, and immediately began the application process for his respective business licenses.

19. Among Mr. Massad, additional projects along the Central Plaza market were to include a hair salon, laundromat, medical offices, musical instrument store, daycare facility and Dunkin' Donuts, banquet hall with 5 to 10 year commercial leases with JBARA ENTERPRISES, in this highly anticipated project.

20. Plaintiffs allege that a systematic and illegal application of laws and local ordinances and rules were implemented, which forced Plaintiffs to endure

costly and unnecessary improvements in exchange for business licenses, which were ultimately denied.

21. Plaintiffs allege a denial of various business licenses to said applicants at 103rd S. Central was set in motion, at the hands of Larry Deetjan, Village Manager.

22. Without justification and through intimidation, business and operating licenses at this strip mall was being denied, inspections failed, meetings and phone calls ignored, until the inevitable occurred, businesses were forced to remain closed.

23. The strip mall went into foreclosure after the nearly, $3,000,000.00 investment million dollar investment was strategically financially because no operating licenses were issued to any lessors at this location.

24. In the interim, the unsuspecting tenants believing in the system afforded to them by their Village, continued to invest into their businesses, completing costly build-outs, purchasing products for their establishments, and putting up signs.

25. Owner JBARA met with Defendant Larry Deetjen at Mr. Deetjen's Village Manager's office to request renewals of existing business licenses to property after JBARA became owner, without liquor licenses.

26. Deetjan denied business licenses to lots after learning that commercial lease had no liquor exclusions.

27. Upon information and belief the Village of Oak lawn, through the Mayor, Larry Deetjan and its trustees, began to systematically enforce code violations, change guidelines, order costly improvements.

28. Shortly thereafter, Deetjan through his powers by the Village, expressed opposition that JBARA ENTERPRISES was not interested in renewing leases with pre-existing liquor licenses nor any new licenses. Saying, "as long as liquor stays in Oak Lawn, I don't care."

29. When liquor store tenant agreed to no longer operate the establishment with liquor, the tenant subsequently left the lot after a lease was drawn up with agreements from both lessor and lessee.

30. On or around January 2011, Village Manager Larry Deetjan, requested a meeting with JBARA, after the liquor store lease was not renewed. There he was met with the Chief of Police of Oak Lawn, Fire Chief of Oak Lawn, and approximately 8 other officers, to discuss the alleged myriad of violations the strip mall has violated, in an intimidating show of power.

31. JBARA diligently complied and arranged for the upgrades of the water sprinkler system, fire alarm, and piping which costs JBARA over $25,000.00, and when inspection and permit was required, meetings were cancelled without notice. The fees suddenly jumped to $35,000.00 as the licensed Contractor was not able to get a pass from the Village of Oak Lawn even though all codes and specifications were followed.

32. Plaintiffs allege that various conversations, initiated by Larry Deetjan ensued, that related to Plaintiffs' religion and ethnicity, and that Deetjan's inquiry of Plaintiffs' Arab/Palestinian heritage and Muslim background had a bearing on Deetjan's treatment of Plaintiffs and denial of said business licenses.

33. Upon information and belief Deetjan was dissatisfied with JBARA's decision to discontinue liquor sales in the strip mall, and began his sabotage of the business license applications and the CENTRAL PLAZA.

34. Upon information and belief, Deetjan made several references to applicants regarding the national heritage and religion of Owners, saying, "this guy is Arab, " and stated, "Watch, this store's gonna close."

35. That Deetjan had personal conversations with lessors of the location, specifically lessor Edward Nowak, the prospective tenant of a barber shop.

36. That Deetjan inquired about the tenant's religious background, specifically, whether he was "Muslim" or "Christian" or "related to the Landlord. Upon learning that tenant Nowak was not a Muslim, Deetjan stated the following, "I won't give any licenses to Arabs."

37. Deetjan indicated that he planned on making sure that the JBARA was bleeding money at $100,000.00 per month, on repairs and improvements, until he drained Plaintiff of money, and that the strip mall will have to fail without the requisite licenses.

38. In the interim, Plaintiffs believed that their various business license applications would be approved once certain alleged code violations were remedied.

39. Specifically tenants were forced to add new sprinkler systems, new fire systems, roof, grease traps, repaving the entire parking lot, gouging the Plaintiffs of their capital, when no true code violation existed.

40. When the systems in place were added or corrected, and after excess of $350,000.00 in improvements spent, licenses were still denied.

41. This deterred other commercial applicants who were also having trouble gaining a business license to do business at this strip mall.

42. Deetjan advised Jbara that he will not approve any of his tenants licenses, until JBARA paid water bill, when no funds were due and owing.

43. When evidence of paid water bills was furnished, licenses were still not issued.

44. Deetjan has expressed his denials of business licenses for said lots in said commercial space was based on the religious background of applicants, wherein Deetjan indicated, "I won't give licenses because he's Muslim." "Watch him turn this space into a mosque like they do in Bridgeview."

45. That Deetjan as late as November 12, 2010, stated to Owner Jbara, "You claim you have Dunkin' Donuts as a tenant, I don't believe you."

46. Even after furnishing the 10 year commercial lease to Deetjan, he did not cease the harassment and abuse of power of power with license issuance.

47. Tenant possessed letter affirming that the Commercial property had no existing code violations and no taxes or bills due and owing.

48. Plaintiffs were subject to extreme financial losses and harassment by the Village of Oak Lawn, and by its trustees.

49. By and through Village inspector, JEAN GALZIN, MASSAD and his family were the subject of criminal arrest and prosecution and harassment.

50. In reliance upon said government officials, MASSAD underwent costly inspections, accusations of violating village orders, intimidation and arrest.

51. MASSAD was handcuffed by Oak Lawn Police after and underwent particular harassment as the tenant. On or around July 16, 2009, after completing the punchlist given to him by Village inspector, so that the store can re-open, Village Inspector contacted the Village Fire Department, asked fire fighters to break down the door to MASSAD grocery store, complaining of an alleged smell of fire.

52. Under false fire reporting, Village inspector Galzin reported alleged civil code violations and MASSAD was subsequently arrested in front of his minor 13 year old son, using profanity and being subject to physical force. MASSAD was told, "you are a piece of shit Arab! Go back to your country."

53. With allegations of said Village Code violations, MASSAD and his family were told by Oak Lawn Police at the direction of Village Code Trustee to be placed in custody. Inspector Galzin shouted, "I won't allow this business to be open anymore."

54. As of July 21, 2009, business remained closed and with no justification as to why, said licenses were not denied, it was just not issued.

55. That upon information and belief, business license applicants are told by Village representatives, "this strip mall has issues, you won't get a business license."

56. Defendant Larry Deejtjen through his staff and through the powers that he was vested by the village of Oak Lawn, continued to harass and interfere with business applications of Plaintiff.

57. During the numerous property inspections referenced above, the Code Enforcement Officer for the Village of Oak Lawn, Jean Galzin, cited the Plaintiffs for alleged violations that did not exist in the Village of Oak Lawn Code. Additionally, Ms. Galzin cited numerous violations of the Village of Oak Lawn Code that were incorrect and improperly referenced.

58. On or around December of 2010, MASSAD applied for business license with the VILLAGE OF OAKLAWN, after taking over said lot at 10327 S. Central Avenue.

59. The prior business had passed all inspections and owner had a business operating license after a recent inspection by Village of Oak Lawn.

60. After MASSAD application, operating a business on a smaller scale than previous owner, was told he was violating numerous Code violations, and needed a "Tear down and total reconstruction."

61. Plaintiff believed the improper property inspection was conducted as a result of Mr. Deetjen's racially motivated biases.

62. That several appointments for inspections were cancelled without notices, with allegations of unpaid water bills. That upon information and belief, water department officials requested that Mr. Jbara speak with Larry Deetjan about the water bill and penalties.

63. That the strip mall had very lucrative business proposals from well-established corporations, such as Hershey's and Dunkin Donuts, all of which Larry Deetjan was well aware of.

64. Even after compliance, licenses were continuously denied, with Village Inspector commenting to MASSAD. "I admire you, you just keep hanging on."

65. That JBARA enterprises new tenants and applicants were turned away from applying at 103rd Central strip mall, when advised that the owner owes the Village money, you won't get a license.

66. On or around April 6, 2011, new prospective tenant of Tayabat Bakery requested a release of his commercial lease following the illegal and improper handling of tenant business applications.

67. Again, causing severe financial hardship upon JBARA enterprises and tortious interference with business contracts.

68. On or around, April 10, 2011, another tenant Frosty Scoop, Inc. exercised its termination clause under the commercial lease because the lessor could not get its licenses.

**COUNT I**
**VILLAGE OF OAKLAWN, LARRY DEETJAN, ROBERT STREIT, ALEX**
**OLEJNICZAK, JEAN GALZIN ABUSE OF GOVERNMENTAL POWERS**

69. Plaintiffs reallege Paragraphs 1 through 68 as if fully stated herein.

70. That Mayor Heilman appointed Larry Deetjan on or around Summer of 2007.

71. That Deetjan routinely met with applicants and personally investigated

    business cites so that he could cherry pick business owners and applicants.

72. That upon information and belief Deetjan's actions were well-known to the

    Village by and through its Mayor David Heilmann and its trustees.

73. That Village of Oak Lawn, by and through its local laws and ordinances

    entrusted Larry Deetjan and its trustees Robert Streit, Jean Galvin and Alex

    Olejniczak, with certain powers in which to manage the Village's business

    affairs.

74. That Deetjan, through the powers afforded to him by his position as Village

    Manager, systematically and unethically denies business licenses based on

    personal feelings, religious background and ethnicity.

75. That Deetjan improperly and capriciously directed the licenses and permits for

    103rd and Central to its detriment.

76. Made repeated threats of fines and delays based on personal feelings and

    applied a different set of rules to different applicants based on business

    relationships and ethnicity.

77. That Deetjan, through the powers afforded to him by his position as Village Manager false and defamatory statements about plaintiffs to deter business prospects, lessees, and license issuance at the Central Plaza Shopping Center.

78. On or around February 10, 2011, MASSAD notified Mayor Heilman of said actions with Deetjan, and prayed for him to intervene, and Heilman suggested that MASSAD make a written request to meet with Village Manager Deetjan.

79. As a proximate result of the foregoing actions by Defendants, Plaintiffs have and continue to suffer injuries including injuries to their business and livelihood.

WHEREFORE, Plaintiffs JBARA ENTERPRISES, Respectfully request that this Court enter judgment in their favor and against Defendants Village of Oak Lawn, Oak Lawn Water Department Larry Deetjen, Robert Streit, and Alex Olejniczak and Galvin grant the following relief:

A. compensatory damages in excess of the minimum jurisdictional requirements
B. exemplary damages in an amount that will serve to punish Defendants and deter Defendants from similar conduct;
C. an award of Plaintiffs' attorneys' fees and costs; and
D. such other further relief this Honorable Court deems fair and just.

### COUNT II – Violation of Civil RICO – 18 U.S.C. §1962(c)
### VILLAGE OF OAKLAWN, LARRY DEETJAN, ROBERT STREIT, ALEX OLEJNICZAK, JEAN GALZIN

80. Plaintiffs reallege Paragraphs 1 through 68 as if fully stated herein.

81. The conduct of Defendants Larry Deetjan, Robert Streit, and Alex Olejniczak described herein violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") codified as 18 U.S.C. 1961 et seq.

82. The individuals Larry Deetjen, Robert Streit, Jean and Alex Olejniczak acted under color of official right.

83. The Village of Oak Lawn constituted an "enterprise" as defined in 18 U.S.C. 1961(4) and as used in 18 U.S.C. 1962(c), with which the individual defendants Larry Deetjen, Robert Streit, Jean Galzin, and Alex Olejniczak had been employed by or associated with, and with which Larry Deetjen, Robert Streit, and Alex Olejniczak used to promote or further their pattern of racially motivated acts.

84. The enterprise listed above was and currently is engaged in activities that affect interstate commerce.

85. Larry Deetjen, Robert Streit, Jean Galzin and Alex Olejniczak, bent on racially motivated activity, use Village of Oak Lawn resources, facilities, and appearance of official right to perpetrate racially motivated acts.

86. Larry Deetjen, Robert Streit, and Alex Olejniczak are each a "person" as defined in 18 U.S.C. 1961(3) and as used in 18 U.S.C. 1962(c).

87. During the period of time as early as 2008 and continuing to this date, Larry Deetjen, Jean Galzin, Robert Streit, and Alex Olejniczak violated 18 U.S.C. 1962 (c) by conducting or participating, directly or indirectly, in the conduct of one or more of the enterprise's affairs through a pattern of racketeering activity that including intimidation in violation of 720 ILCS 5/12-6(a)(6).

88. Larry Deetjen, Robert Streit, Jean Galzin, and Alex Olejniczak's racially

motivated activity and misconduct has continued over a number of years and,

without court intervention, will likely continue indefinitely.

89. Larry Deetjen, Robert Streit, and Alex Olejniczak's racially motivated activity

and misconduct has proximately caused damage to Plaintiffs and others,

including the Village of Oak Lawn.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their

favor and against Defendants Village of Oak Lawn, Larry Deetjen, Robert Streit, and

Alex Olejniczak and grant the following relief:

A. compensatory damages in excess of the jurisdictional limits;
B. damages as required by law;
C. an award of Plaintiffs' attorneys' fees and costs; and
D. such other further relief this Honorable Court deems fair and just.


### COUNT III – CIVIL Conspiracy – 42 U.S.C. §1985(3)
### VILLAGE OF OAKLAWN, LARRY DEETJAN, ROBERT STREIT, ALEX OLEJNICZAK, JEAN GALZIN

90. Plaintiffs reallege Paragraphs 1 through 68 as if fully stated herein.

91. Larry Deetjen, Robert Streit, Jean Galzin, and Alex Olejniczak, conspired for the

purpose of depriving the Plaintiffs of their rights to due process when,

motivated by personal considerations.

92. In furtherance of the conspiracy, the individual defendants took numerous

overt actions, including those as are fully described in the Factual Background

above.

18

93. As a result of this conspiracy, the Plaintiffs have been deprived of their

constitutional rights and privileges and the following personal and property

rights have been injured: (1) mental stress and anguish directly resulting from

the knowledge that the Plaintiffs' reputation and business have been damaged

as a result of the Defendants' defamatory statements and racially motivated

acts; and (2) financial and psychological injuries directly resulting from the

Defendants' defamatory statements and racially motivated acts.


WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor

and against Defendants Village of Oak Lawn , Larry Deetjen, Jean Galzin, Robert Streit, and Alex

Olejniczak, Jean Galzin and grant the following relief:

A.      compensatory damages in excess of $20,000,000.00;
B.      punitive damages in an amount sufficient to punish defendants Larry Deetjen,
        Jean Galzin Robert Streit, and Alex Olejniczak and to deter them and others from
        engaging in similar outrageous conduct in the future;
C.      an award of Plaintiffs' attorneys' fees and costs; and
D.       such other further relief this Honorable Court deems fair and just.

**COUNT IV**
**VILLAGE OF OAKLAWN, LARRY DEETJAN, ROBERT STREIT, ALEX OLEJNICZAK, JEAN**
**GALZIN RICO Conspiracy - 18 U.S.C. §1962(d)**

94. Plaintiffs reallege Paragraphs 1 through 68 as if fully stated herein.

95. 18 U.S.C. 1962(d) stated that it "shall be unlawful for any person to conspire to

violate any of the provisions of subsection (a), (b), or (c) of this section."

96. During the period of time as early as 2008 and continuing to this date, Larry

Deetjen, Jean Galzin, Robert Streit, and Alex Olejniczak violated 18 U.S.C. 1962

(c) by conducting or participating, directly or indirectly, in the conduct of one

or more of the enterprise's affairs through a pattern of racketeering activity that included the crime of intimidation in violation of 720 ILCS 5/12-6(a)(6).

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants Village of Oak Lawn, Larry Deetjen, Robert Streit, and Alex Olejniczak Jean Galzin and grant the following relief:

A.     compensatory damages in excess of $20,000,000.00.
B.     damages as required by law;
C.     an award of Plaintiffs' attorneys' fees and costs; and
D.     such other further relief this Honorable Court deems fair and just.

## COUNT V – Civil Conspiracy
### VILLAGE OF OAKLAWN, LARRY DEETJAN, ROBERT STREIT, ALEX OLEJNICZAK, JEAN GALZIN

97. Plaintiffs reallege Paragraphs 1 through 60 as if fully stated herein.

98. Larry Deetjen, Robert Streit, and Alex Olejniczak, entered into an agreement, either explicitly or implicitly, to participate in either an unlawful act or a lawful act in an unlawful manner.

99. As described herein, the Plaintiffs' injuries were caused by the unlawful overt actions performed by Larry Deetjen, Robert Streit, Jean Galzin and Alex Olejniczak.

100.     The unlawful overt actions described herein were done pursuant to and in furtherance of the common scheme.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants Village of Oak Lawn, Larry Deetjen, Robert Streit, and Alex Olejniczak and grant the following relief:

20

A.    compensatory damages in excess of one hundred thousand ($20,000,000.00) dollars;

B.    punitive damages in an amount sufficient to punish Larry Deetjen, Robert Streit, and Alex Olejniczak and to deter them and others from engaging in similar outrageous conduct in the future;

C.    an award of Plaintiffs' attorneys' fees and costs; and

D.    such other further relief this Honorable Court deems fair and just.

## COUNT VI
## VILLAGE OF OAKLAWN, LARRY DEETJAN, ROBERT STREIT, ALEX OLEJNICZAK, JEAN GALZIN Violation of the Due Process Clause (Procedural Due Process)

101.    Plaintiffs reallege Paragraphs 1 through 68 as if fully stated herein.

102.    Under the Village of Oak Lawn Building Codes, and in custom and practice, the Code Enforcement Officer for the Village of Oak Lawn, Jean Galzin, is granted and exercises unfettered discretion with respect to whether or not the Building Code is deemed to have been violated.

103.    Jean Galzin and Larry Deetjen took advantage of this unfettered discretion and the lack of procedures to arbitrarily issue alleged Building Code violations and deny business licenses for the Plaintiffs' lots.

104.    At all relevant times, Jean Galzin and Larry Deetjen acted under color of official right.

105.    The actions of Jean Galzin and Larry Deetjen deprived the Plaintiffs of their liberty and property without due process of law and violated the Due process Clause of the Fourteenth Amendment.

106.    As Jean Galzin and Larry Deetjen had final decision policymaking authority, the Village of Oak Lawn also violated the Plaintiffs' due process rights.

21

WHEREFORE, Plaintiffs JBARA and MASSAD respectfully request that this Court enter judgment in their favor and against Defendants Village of Oak Lawn, Jean Galzin, and Larry Deetjen and grant the following relief:

A.      compensatory damages in excess of one the jurisdictional limit, and to compensate him for the investment and income earning losses in excess of $20,000,000.00.

B.      punitive damages in an amount sufficient to punish Jean Galzin and Larry Deetjen and to deter them and others from engaging in similar outrageous conduct in the future;

C.      an award of Plaintiffs' attorneys' fees and costs; and

D.      such other further relief this Honorable Court deems fair and just.

## COUNT VII
## VILLAGE OF OAKLAWN, LARRY DEETJAN, ROBERT STREIT, ALEX OLEJNICZAK, JEAN GALZIN Violation of the Due Process Clause (Substantive Due Process)

107.    Plaintiffs reallege Paragraphs 1 through 68 as if fully stated herein.

108.    The actions of Jean Galzin and Larry Deetjen were not related to a legitimate governmental interest and shock the conscience.

109.    Jean Galzin and Larry Deetjen were motivated by personal and political considerations wholly unrelated to their official duties, and their actions, as described in this Complaint, went beyond the legitimate functions of their office and positions and were motivated by illegitimate personal or political concerns.

110.    At all relevant times, Jean Galzin and Larry Deetjen acted under color of official right.

111.    Jean Galzin and Larry Deetjen violated the Plaintiffs' substantive rights under the Due Process Clause of the Fourteenth Amendment to be free from arbitrary and capricious government action.

22

112.     As Jean Galzin and Larry Deetjen had final decision policymaking

authority, the Village of Oak Lawn also violated the Plaintiffs' due process

rights.


WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their

favor and against Defendants Village of Oak Lawn, Jean Galzin, and Larry Deetjen and

grant the following relief:

A.      compensatory damages in excess of $20,000,000.00 dollars;
B.      punitive damages in an amount sufficient to punish Jean Galzin and Larry
        Deetjen and to deter them and others from engaging in similar outrageous
        conduct in the future;
C.      an award of Plaintiffs' attorneys' fees and costs; and
D.       such other further relief this Honorable Court deems fair and just.

PLAINTIFFS DEMAND A TWELVE (12) PERSON JURY TRIAL.




Respectfully submitted,

Naderh H. Elrabadi

s/  Naderh H. Elrabadi

30113 Attorney Code
6281756
111 W. Washington
Chicago, Illinois 60602
312-444-9606
312-444-9609 fx

23